UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEAN-MARIE WHITE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SANTA CLARA VALLEY WATER DISTRICT, et al.,<br><br>    Defendants. | Case No. 20-cv-04242-VKD<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**<br><br>Re: Dkt. No. 1 |

On June 25, 2020, defendant Santa Clara Valley Water District ("District") removed this consolidated action from the Santa Clara County Superior Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1.[1] The underlying action concerns damages allegedly sustained by plaintiffs as a result of the overtopping of the Anderson Dam in 2017. Having reviewed the District's notice of removal and the appended exhibits, and for the reasons discussed below, the Court directs the District to show cause why this action should not be remanded to the state court.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009). Additionally, the Court has a continuing duty to determine whether it has subject matter

---

[1] The District's Notice of Removal does not clearly identify all of the parties—namely, numerous individual plaintiffs—to the underlying proceeding. Accordingly, it is not apparent the Court's docket currently reflects all of the parties in this action.

jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The District asserts that removal is proper on the basis of federal question jurisdiction. Dkt. No. 1 at 2-3. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id*.

Here, the District bases removal on the allegations of the plaintiffs' "Omnibus Complaint," which the District says is the operative pleading. Dkt. No. 1 at ECF 2-3. The Omnibus Complaint asserts claims only under state law. *Id*. at ECF 59-136. It does not assert any federal claims whatsoever. The District nonetheless maintains that the Omnibus Complaint alleges the failure "to properly and reasonably design, control, supervise, maintain, and operate Anderson Reservoir and Dam, which is regulated by the Federal Energy Regulatory Commission ("FERC")." Dkt. No. 1 at ECF 3. According to the District, a federal question sufficient to establish subject matter jurisdiction is presented because "the question of whether there was a failure on the part of Defendant regarding the dam is answered with federal laws prescribed by FERC." *Id*. It is a "long-settled" principle "that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Additionally, a claim does not arise under federal law merely because of a need to apply federal law in a state law claim. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) ("That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal state balance approved by Congress."). Allegations in a removal notice or in a response to the complaint cannot provide this Court with federal question jurisdiction. In any event, the District's conclusory assertions in its removal notice do not identify what "federal law" is implicated, much less explain how the plaintiffs' claims give rise to substantial federal issues.

The Court also questions the District's assertion that it timely removed this matter. The District seems to assert that under 28 U.S.C. § 1446(b)(3), it was permitted to remove this matter within 30 days of its receipt of certain discovery responses served in late May 2020. Dkt. No. 1 at ECF 3-4. That section of the removal statute concerns matters in which "the case stated by the initial pleading is *not* removable," and provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable*." 28 U.S.C. § 1446(b)(3) (emphasis added). Here, the District seems to rely on the cited discovery responses for the proposition that it was not required to obtain the consent of other defendants to the removal of this action.[2] The District, however, does not clearly explain how those discovery responses indicate, for the first time in the litigation, "that the case is one which is or has become removable." *Id*. § 1446(b)(3). Moreover, any such assertion would seem to be at odds with the District's assertion elsewhere in its notice of removal that removal is triggered by the allegations of the Omnibus Complaint, which apparently was filed in March 2019 and which the District seemingly has been aware of for over a year.

Accordingly, by **July 27, 2020**, the District is directed to file a response, showing cause why this action should not be remanded to the state court for lack of subject matter jurisdiction and/or otherwise improper removal of this action. The District's response shall include citations to cogent authority and, if necessary, must be supported by evidence, via a declaration or otherwise. As noted above, the docket being unclear as to precisely all the parties to this matter, the District shall promptly serve this order on all parties who otherwise will not receive electronic notice via ECF, and shall file a proof of service with the Court.

**IT IS SO ORDERED.**

Dated: July 17, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] The Court also questions this assertion, given the District's rather conclusory assertions and scant analysis in its notice of removal.